IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE SMITH-FLATOW, | ) | |
| | ) | |
| Plaintiff, | ) | No.    08 C 0647 |
| | ) | |
| v. | ) | JUDGE DER-YEGHIAYAN |
| | ) | |
| CHICAGO POLICE OFFICERS S. REYES, | ) | |
| (Star #17832), L. WISE, (Star #15647), and the | ) | Magistrate Judge Denlow |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the

City of Chicago, for its answer defenses and jury demand to plaintiff's complaint, states as

follows:

**Introduction**

1.       This is a civil action seeking damages against Defendants for committing acts
under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the
United States. In sum, Defendants denied Plaintiff equal protection under the law because of her
gender, intentionally inflicted emotional distress, assaulted, unlawfully seized, falsely arrested
and imprisoned her.  Plaintiff has been harmed by the unconstitutional conduct of the
Defendants.

**ANSWER:**    The City admits that plaintiff has brought this action under 43 U.S.C.

§1983 to redress the alleged deprivation under color of law of plaintiff's rights as secured by the

Constitution.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

**Jurisdiction**

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction for attendant state claims as provided under U.S.C. § 1367(a).

**ANSWER:**    The City admits that this Court has jurisdiction pursuant to the Civil

Rights Act, 42 U.S.C. §1983, the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution

of the United States; and pendent jurisdiction for the alleged state claims as provided under 28

U.S.C. §1368(a).  The City is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in this paragraph.

**The Parties**

3.      Plaintiff Caroline Smith-Flatow resides at 57 W. 15th Street, Chicago, Illinois, 60605.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

4.      Defendant Officers were, at the time of this occurrence, employees of the Chicago Police Department and acted under their authority as duly appointed police officers in the Chicago Police Department at all relevant times.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police

Department records, that Defendant Officer Reyes, Star No. 17832 and Defendant Officer Wise,

Star No. 15647 were, at the time of this occurrence, employees of the Chicago Police

Department and acted under their authority as duly appointed Police Officers in the Chicago

Police Department at all relevant times to this complaint.  The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.

5.    Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois, which operates the Chicago Police Department.  Defendant City of Chicago is ultimately responsible for the policies,  procedures, and  practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

**ANSWER:**    The City admits that it is a municipal corporation organized under the laws of the State of Illinois, which operates the Chicago Police Department.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### Background Facts

6.    On February 5, 2007, Plaintiff Smith-Flatow attended a Super-Bowl party at 1643 N. Burling (Burling & North Avenue), Chicago with her 3 children, Kristin (12), Billy (10) and Michael (8), her sister Sandra Smith and family friends.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.    While at the Super-Bowl party, Plaintiff Smith-Flatow had three glasses of wine.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.    At approximately 9:00 p.m., Plaintiff Smith-Flatow and Justin Palm, a family friend, took Smith-Flatow's children home for the evening.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.    Because the temperature on February 9, 2007, was approximately 2° Fahrenheit and because Mr. Palm's car was parked much closer to the party, Mr. Palm drove Smith-Flatow and her children to her home at 57 W. 15th Street, Chicago.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.    While at home, Plaintiff Smith-Flatow fed her children and got them ready for bed.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.    Smith-Flatow and Mr. Palm had tea with cheese and crackers while they waited an hour to an hour and a half for 8 year-old Michael and 10 year-old Billy to fall asleep.  Kristin was left to baby-sit and was watching television in the bedroom when Smith-Flatow left.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.    At approximately 10:30 p.m., Plaintiff Smith-Flatow and Mr. Palm returned to the neighborhood where she had parked her car. On the way, they stopped at Mr. Palm's house who lives in the neighborhood. They stayed at Mr. Palm's for approximately 1-11/2 hours.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.    Mr. Palm then drove Smith-Flatow to her parked car.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.    Smith-Flatow drove her frozen car at a very low rate of speed because of the extreme temperatures.

-4-

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.    At approximately 12:30-1:00 p.m., Plaintiff Smith-Flatow was stopped by Defendant Officers at Clark and Huron Streets for failing to stop at a stop sign.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that early in the morning on February 5, 2007, Defendant Officers Reyes and Wise initiated a traffic stop of the plaintiff at 545 N. Wells, Chicago, Illinois.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16.    Defendant Wise approached Plaintiff Smith-Flatow's car and requested her insurance and registration.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that Defendant Officers Reyes and Wise approached plaintiff's car to conduct a field interview and requested plaintiff's driver's license and proof of insurance.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17.    Plaintiff Smith-Flatow reached over and opened her glove-compartment, removed her registration and proof of insurance, and gave it to the Defendant Officers.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that plaintiff opened her glove-compartment.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph.

18.     At no time was there a plastic zip-lock baggie containing a white powdery substance in her glove compartment.

**ANSWER:**     The City denies, on information and belief, based upon Chicago Police Department records, the allegations in this paragraph.

19.     The Defendant officers then asked Smith-Flatow if she had been drinking.  Smith-Flatow told the officers that she'd had some wine earlier in the evening.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     The Officers then ordered Smith-Flatow from her car and subjected her to a series of field sobriety tests.

**ANSWER:**     The City admits, on information and belief, based upon Chicago Police Department records, that Defendant Officers Reyes and Wise requested that plaintiff exit her car and perform a series of field sobriety tests.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21.     She was then asked to submit to a breathalyzer test which she refused.  Upon her refusal, the Defendant officers handcuffed Smith-Flatow and transported her to the 18th Chicago Police District Station at 1160 N. Larabee Avenue, Chicago, where she was placed in a cage.

**ANSWER:**     The City admits, on information and belief, based upon Chicago Police Department records, that Defendant Officers Reyes and Wise took plaintiff into custody and transported plaintiff to the 18th District for processing.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.

22.    Smith-Flatow's car was impounded by Defendant Officers and subsequently searched pursuant to an inventory search.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that Defendant Officers Reyes and Wise searched plaintiff's car incident to plaintiff's arrest.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

23.    A bag of flour, which had been in Smith-Flatow's car for several weeks and was a part of her child's science project, was in the back of her car.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.    While Smith-Flatow was at the 18th district station, Defendant Wise entered holding area where Smith-Flatow was locked-up and walked past her and said to at least two other officers, "look what I found in her car," as he held a zip-lock bag containing a white powdery substance above his head.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.    When she saw the zip-lock baggie, she asked to make a phone call to check on her kids.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     When defendant learned that plaintiff was a mother he called Smith-Flatow "a fucking whore,"  "a fucking liar" and "a drug addict." He told her she was "a lying fucking whore who does drugs and leaves her children home alone."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.     Officer Wise then displayed her driver's license to other officers and stated that "you can tell she is a lying whore because she dyes her hair."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.     The Defendant Wise then told Smith-Flatow that because "she was a liar and a fucking whore, drug-addict who leaves her kids at home," that he had to go get them.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.     The Defendant officers left the 18th District station and were gone for about an hour before returning to the station.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.     The Defendant Wise continued to harass Smith-Flatow by calling her a "fucking whore who does drugs and leaves her kids home alone," for another 3-4 hours.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.    The Officers knocked on the door and rang the bell repeatedly, but per their parent's standing instructions, the children did not answer the door.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32.    The Defendant Officers returned to the 18th district, where Officer Wise continued to call Smith-Flatow a "fucking liar, whore, drug-addict who fucking does drugs and leaves her children at home alone."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.    At times during this ongoing harassment, Defendant Wise, in Smith-Flatow's presence, told other Chicago police officers at the 18th district station that Smith-Flatow was "a fucking whore liar who does drugs and leaves her children at home."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34.    During this ongoing harassment, Officer Reyes came over to the cage and whispered to Smith-flatow that she "should be quiet and we'll get you through this."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35.    Defendant officers then telephoned Smith-Flatow's sister, Sandra Smith.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.    Smith-Flatow's sister arrived at the 18th district station soon thereafter.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


37.    Defendant Wise said with-in ear-shot of Smith-Flatow that he could no longer "do anything" to Smith-Flatow because "her fucking blood was here."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


38.    Defendant Wise questioned Smith-Flatow's sister in such a manner that implied that Smith-Flatow was a prostitute, including asking whether she as a habit, traveled late at night, what was "your sister doing with drugs," and "do you even know what she does."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


39.    Smith-Flatow remained in custody until at the 18th district until she was transported to the Cook County Jail at 26th & California, at approximately 9-10 a.m.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


40.    At 26th, she was place in holding area with approximately 12 other people until brought before a Judge in Bond Court at approximately 1:00 p.m.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police

Department records, that plaintiff had an initial court date of February 5, 2007 at 2600 S.

California Avenue, Chicago, Illinois.  The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

41.    At the Cook County Jail, she went through intake, had blood drawn, was and remained in custody until midnight.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.    The February 8, 2007, laboratory report from the Illinois State Police, Division of Forensic Services found 36.1 grams of powder from two plastic bags to be: "no scheduled substance found."

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.    On February, 2007, the felony Possession of Controlled Substance was Nolle Prosique.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police Department records, that on March 1, 2007, the charge of Possession of Controlled Substance was Nolle Prosique.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### Count I – Section 1983 Equal Protection Claim

44.    Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:**    The City realleges and reincorporates its answers to all previous paragraphs.

-11-

45.    Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

**ANSWER:**    The City states that plaintiff's allegations in this paragraph are a vague,

incomplete and/or inaccurate statement of the law, and therefore, the allegations in this

paragraph are denied.


46.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deny any person the equal protection of the laws.

**ANSWER:**    The City states that plaintiff's allegations in this paragraph are a vague,

incomplete and/or inaccurate statement of the law, and therefore, the allegations in this

paragraph are denied.


47.    Defendant Officers' actions as alleged herein were motivated by anti-female animus.  The word "whore" is a common derogatory term used frequently to denigrate women. Defendant Wise repeatedly subjected Plaintiff to anti-women animus.  Officer Wise made it clear that he felt he could treat Smith-Flatow different then other people because she is a woman.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


48.    Defendant Officers were acting "under color of state law."

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police

Department records, the allegations in this paragraph.


49.    Defendant Officers purposefully singled out Plaintiff for unequal treatment based on her gender.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50.    Defendant Officers' actions do not serve any sufficient, legitimate government interest.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51.    As a result of Defendant Officers' denial of equal protection, Plaintiff sustained in the form of, *inter alia*, mental and emotional pain and suffering, humiliation, and past and future psychological damage.   As a result Defendant Officers' denial of equal protection, Plaintiff also incurred expenses, costs and attorneys' fees.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52.    Defendant Officers deprived Plaintiff of the equal protection of the laws in violation of Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution. Defendant Officers are, therefore, liable to Plaintiff under 42 U.S.C. § 1983.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53.    Wherefore, Plaintiff requests actual and compensatory damages in an amount deemed at time of trial to be just, and fair, as well as attorneys fees and costs.

**ANSWER:**    The City denies the allegations in this paragraph and prays that this Honorable Court enter judgement in the City's favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## Count II – Failure to Intervene, 42 USC Section 1983

54.    Plaintiff realleges and incorporates all of the allegations in preceding paragraphs.

**ANSWER:**    The City realleges and reincorporates its answers to all preceding

paragraphs.


55.    Each of the Defendant Officers had a reasonable opportunity to prevent the other
Defendant Officer from denying Smith-Flatow equal protection under the law because of her
gender, intentionally inflicting emotional distress, assaulting, unlawfully seizing, falsely
arresting and imprisoning her, but failed to do so.  As a result of the Defendant Officers' failure
to intervene, Plaintiff suffered humiliation and emotional distress.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


56.    This misconduct was objectively unreasonable and was undertaken intentionally
with malice, willfulness, and reckless indifference to the rights of Smith-Flatow.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


57.    This misconduct was undertaken by the Defendant Officers within the scope of
their employment and under color of law such that their employer, City of Chicago, is liable for
their actions, as more fully described in Count XII.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police

Department records, that Defendant Officers Reyes and Wise were acting within the scope of

their employment and under color of law.  The City states that plaintiff's allegations in this

paragraph are a vague, incomplete and/or inaccurate statement of the law regarding the City's

liability, and therefore, the remaining allegations in this paragraph are denied.

58.      Wherefore, Smith-Flatow demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

**ANSWER:**      The City denies the allegations in this paragraph and prays that this Honorable Court enter judgement in the City's favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count III – Intentional Infliction of Emotional Distress

59.      Plaintiff re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

**ANSWER:**      The City realleges and reincorporates its answers to all preceding paragraphs.

60.      The acts and conduct of Defendant Officers as set forth above were extreme and outrageous.

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61.      Particularly, the conduct of Defendant Officers calling Smith-Flatow a "fucking liar, whore, drug-addict who fucking does drugs and leaves her children at home alone," and threatening to take her children, causing him to be arrested and filing false complaints against him, was reasonably calculated to cause immense emotional distress to Smith-Flatow.

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

62.      Defendant Officers intended to cause, or were in reckless disregard of the

probability that their conduct would cause, severe emotional distress to Plaintiff.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


63.    Defendant Officer's conduct was undertaken with malice, willfulness, and
reckless indifference to the rights of Plaintiff.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


64.    Said actions and conduct did directly and proximately cause Smith-Flatow

extensive anxiety and suffering, and emotional distress.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


65.    WHEREFORE, Plaintiff respectfully request that judgment be entered in his
favor, awarding  damages, including actual, compensatory and punitive, legal costs,  including
attorney's fees, and other such relief as the Court deems just and appropriate.

**ANSWER:**    The City denies the allegations in this paragraph and prays that this

Honorable Court enter judgement in the City's favor on plaintiff's complaint, award it such costs

and fees as allowed by law, and grant such further relief as this Court deems just and proper.


## Count IV – State Law Claim Assault

66.    Plaintiffs re-allege and incorporate by reference all of the allegations in the
preceding paragraphs.

**ANSWER:**    The City realleges and reincorporates its answers to all preceding

paragraphs.

67.     The Defendant Officers intentionally created an apprehension in Smith-Flatow of immediate physical harm by means of various overt behaviors intended to cause fear of harmful touching by the actual beating.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

68.     These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness and reckless indifference to Smith-Flatow rights.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

69.     As a result of this conduct, Plaintiff sustained emotional and physical injuries.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

70.     Wherefore, Smith-Flatow demands judgment against Defendant Officers for actual and compensatory damages, as well as punitive damages, in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

**ANSWER:**    The City denies the allegations in this paragraph and prays that this

Honorable Court enter judgement in the City's favor on plaintiff's complaint, award it such costs

and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT V – Unlawful Seizure

71.     Plaintiffs re-allege and reincorporate by reference all previous paragraphs.

-17-

**ANSWER:**    The City realleges and reincorporates its answers to all previous

paragraphs.


72.    As described above, Defendant Officers conspired among themselves and falsely
arrested and detained Plaintiff without legal justification thus violating plaintiffs rights under the
Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


73.    The misconduct described in this Count was undertaken with malice, willfulness,
and reckless indifference to the rights of others.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


74.    Defendants swore out complaints containing false information. Defendants were
aware that these complaints were false.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


75.    Defendants knew these complaints to be false.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.


76.    By this conduct, Defendants caused the unlawful detention of Plaintiff.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

77.    As a direct and proximate result of the wrongful actions of Defendants Plaintiff suffered mental, emotional and physical damage and traumas, humiliation, loss of liberty, mental distress and anguish, and actual damages in the form of lost wages and medical expenses.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

78.    WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

**ANSWER:**    The City denies the allegations in this paragraph and prays that this

Honorable Court enter judgement in the City's favor on plaintiff's complaint, award it such costs

and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## VII – State Claim Respondent Superior

79.    Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER:**    The City realleges and reincorporates its answers to all the preceding

paragraphs.

80.    In committing the acts alleged, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police

Department records that Defendant Officers Reyes and Wise were members and agents of the

Chicago Police Department, acting at all relevant times within the scope of their employment.

81.    Defendant City of Chicago is the employer of the Defendant Officers.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police

Department records that Defendant Officers Reyes and Wise are employed as Police Officers by

the City.

82.    In Illinois, public entities are directed to pay for any tort judgment for
compensatory damages for which employees are liable within the scope of their employment
activities. 735 ILCS 10/9-102.

**ANSWER:**    The City states that plaintiff's allegations in this paragraph are a vague,

incomplete and/or inaccurate statement of the law regarding the City's liability, and therefore,

the allegations in this paragraph are denied.

83.    As a proximate cause of Defendant Officer's unlawful acts, which occurred within
the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

**ANSWER:**    The City admits, on information and belief, based upon Chicago Police

Department records that Defendant Officers Reyes and Wise were acting within the scope of

their employment.  The City is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

84.    WHEREFORE, Plaintiffs demand judgment against Defendants City of Chicago
for substantial compensatory damages, plus costs and attorneys' fees and whatever additional
relief this Court finds equitable and just.

**ANSWER:**    The City denies the allegations in this paragraph and prays that this

Honorable Court enter judgement in the City's favor on plaintiff's complaint, award it such costs

and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT VI – 42 U.S.C. Section 1983 *Monell* Claim

85.     Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER:**     The City realleges and reincorporates its answers to all the preceding

paragraphs.

86.     The actions of the individual Defendant Officers as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago, Chicago Police Department, the CPD's Office of Professional Standards, and the CPD's Internal Affairs Division.

**ANSWER:**     The City denies the allegations in this paragraph.

87.     Among the de facto policies of the municipality and its agents were:

    a.     The failure to properly investigation allegations of police misconduct.

    b.     The failure to have a system which monitors patterns of alleged police misconduct.

    c.     The failure to properly discipline sustained allegations of police misconduct.

    d.     The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force and false arrest.

    e.     The failure to properly hire, train, monitor, and/or supervise officers.

**ANSWER:**     The City denies the allegations in this paragraph.

88.     A *de facto* policy, practice, and custom of the police code of silence results in

police officers refusing to report instances of police misconduct of which they are aware, including the maltreatment of persons, despite their obligation under Department regulations to do so. This conduct included police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

**ANSWER:**    The City denies the allegations in this paragraph.

89.    The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by the Defendant City of Chicago, and have encouraged the individual Defendants to commit the aforesaid wrongful acts against plaintiffs, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiffs injuries.

**ANSWER:**    The City denies the allegations in this paragraph.

90.    WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendant City of Chicago, and that the Plaintiff be awarded compensatory damages, reasonable attorney's fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just. Plaintiff also seeks injunctive relief in the form of an order to the City of Chicago to commit resources and training on the issue of dealing with gender issues.

**ANSWER:**    The City denies the allegations in this paragraph and prays that this Honorable Court enter judgement in the City's favor on plaintiff's complaint, award it such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.    The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employee or agent was acting outside the scope of his or her employment.

745 ILCS 10/9-102 (2006).

2.      To the extent any employee or agent of the City was acting within the scope of his

or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute willful and wanton

conduct.  745 ILCS 10/2-202 (2006).

3.      Under the Tort Immunity Act, the City is not required to pay punitive or

exemplary damages in any action brought directly or indirectly against it to the injured party or a

third party.  745 ILCS 10/2-102 (2006).

4.      The City is not liable for any injury caused by the act or omission of another

person.  745 ILCS 10/2-204 (2006).

5.      To the extent that plaintiff failed to mitigate his damages, any verdict or judgment

awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to

mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in

this case.

6.      To the extent any injuries or damages claimed by plaintiff were proximately

caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on

the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application

of the principles of comparative fault, by an amount commensurate with the degree of fault

attributed to plaintiff by the jury in this case.

7.      The City is not liable to plaintiff if its employees or agents are not liable to the

plaintiff.  745 ILCS 10/2-109 (2006).

8.      The City is not liable under Section 1983 if plaintiff does not prove any violation

of her constitutional rights.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

9.      Under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978), the City is not vicariously liable under Section 1983 for its employees' misconduct.

## <u>Jury Demand</u>

The City requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    /s/ Helen C. Gibbons
       HELEN C. GIBBONS
       Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-3541 Office
(312) 744-3989 Fax
Attorney No. 06292881

-24-

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on **May 16, 2008**, she electronically filed the foregoing **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this matter registered to receive notice through the CM/ECF system.

By:    <u>/s/ Helen C. Gibbons</u>
HELEN C. GIBBONS