IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLINE SMITH-FLATOW, ) | |
|     Plaintiff, ) | |
| ) | No. 08 C 0647 |
| -v- ) | |
| ) | Judge Der-Yeghiayan |
| CHICAGO POLICE OFFICERS ) | |
| S. REYES (Star #17832), ) | Magistrate Judge Denlow |
| L. WISE (Star #15647), ) | |
| and the CITY OF CHICAGO ) | |
|     Defendant-Appellant. ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT L. WISE**

1. A Complaint was filed in this case on January 30, 2008. On the same date, a Waiver of Summons and copy of Complaint was sent to Officers L. Wise and S. Reyes at the City of Chicago Police Department (CPD) address, 3510 S. Michigan Ave.

2. On March 3, 2008 Plaintiff's counsel received a letter from the City of Chicago Department of Police stating: "Unfortunately the Office of Legal Affairs cannot facilitate service upon L. Wise, Star 15647, because Officer Wise in on Military Leave/Enduring Freedom (July 20, 2007)." It goes on to say, "Please contact Mrs. Emerald Yancy or Sergeant Matt Brady, if you have questions or concerns." *See Exhibit 1.*

3. Plaintiff's counsel made numerous phone calls to the CPD and left numerous messages for Mrs. Emerald Yancy and Sergeant Matt Brady asking what branch of the military is Officer Wise serving in and when he will return from active duty. Neither individual returned counsel's calls with the information nor have they been available to speak.

4. On March 22, 2008 Plaintiff's Counsel spoke with an individual in personnel that was uncooperative and after counsel's numerous requests finally stated Officer Wise serves in the Navy.

5. On the same date above, Plaintiff's Counsel spoke to a representative of the Naval Legal Services Office North Central who explained Officer Wise is stationed at Naval Station Newport in Rhode Island and to send the Waiver of Summons to the Naval Station and

address it to "Officer In Charge." Per such directions, Waiver of summons was sent to said Naval Station on March 22, 2008.

6. Plaintiff's Counsel contacted Naval Legal Services at the Naval Station Newport that stated they had no knowledge of the waiver of summons and instructed counsel's office to contact Personnel Support Dispatch. After leaving several messages, Counsel has been unsuccessful in contacting anyone at said Dispatch.

7. On March 29, 2008 Plaintiff's Counsel left a message for Ms. Yancy at the CPD asking when Offier Wise would be returning, and again, received no response.

8. The *Servicemembers Civil Relief Act (Act)*, 50 U.S.C. App. §§501-596 protects Servicemembers called to active duty. The Act states in part:
    a. "This section applies to any civil action or proceeding in which the defendant does not make an appearance… In an action covered by thus section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that: 1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or 2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists." 50 U.S.C. §520 and §520 (d).

9. The *Act* requires Plaintiff to file an affidavit showing necessary facts to support whether or not the defendant is in military service. *Id.* at 521. The affidavit is attached as Exhibit 2 and the letter from the CPD is attached as Exhibit 1.

10. In terms of the Statute of Limiations, it should be pointed out in §526 of the *Act*:
    a. "The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the service member or the servicemember's heirs, executors, administrators, or assigns."

11. Helen Gibbons filed an appearance on behalf of the City of Chicago and Ashley Kosztya filed an appearance on behalf Officer S. Reyes.

2

12. Plaintiff's Counsel spoke with Ashley Kosztya and asked whether she and her office would accept service for Officer L. Wise given the fact she is assigned to represent the second Chicago Police Officer, Defendant S. Reyes. Ms. Kostya explained it was against the policy of her office to accept service.

13. As such, Counsel will be unable to serve Officer Wise by the June 4, 2008.

WHEREFORE, because of the difficulty and lack of cooperation by the Police Department and Navy, Plaintiff requests a motion for extension of time to serve Officer L. Wise or grant a stay of proceedings not less than 90 days, or in the second alternative, appoint counsel for Officer L. Wise.

Respectfully submitted,

/s/ Jon Erickson

Attorney for Plaintiff
Erickson & Oppenheimer, PC
4554 N Broadway, Suite 325
Chicago, IL 60640
773-907-0940

## CERTIFICATE OF SERVICE

     Franco La Marca, a licensed attorney, state that on June 2, 2008 a copy of the foregoing <u>PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT L. WISE</u> was caused to be delivered, electronically, to the following:

Helen Gibbons  
City of Chicago Department of Law  
30 N. La Salle St.  
Suite 1020  
Chicago, IL 60602  

Ashley Kosztya  
City of Chicago Department of Law  
30 N. La Salle St.  
Suite 1020  
Chicago, IL 60602  

<u>/s/ Franco La Marca</u>  
Franco La Marca
