IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE SMITH-FLATOW, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 647 |
| | ) | |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Denlow |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' JOINT MOTION TO DISMISS COUNT VII
OF PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW WITH PREJUDICE**

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation Counsel for the City, and Defendant Police Officers Reyes and Wise, through their attorney, Marc J. Boxerman, request that this Honorable Court dismiss with prejudice "Count VII – Due Process Claim Newsome Claim"[1] of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Additionally, the Defendants request that this Honorable Court stay the City's and Defendant Officers' Answer to the First Amended Complaint, their answers and responses to discovery, and responses to requests to admit until after a ruling on this motion. In support of this motion, the Defendants state as follows:

**INTRODUCTION**

Plaintiff's complaint stems from her arrest on February 5, 2007 for the following charges: (1) Possession 15<100 Grams Cocaine, 720 ILCS 570.0/402-A-2-A; (2) Driving Under the Influence of Alcohol, 625 ILCS 5.0/11-A-2; (3) Driving Under the Influence, Any Amount of Drug, 625 ILCS 5.0/11-501-A-6; (4) two charges for Improper Traffic Lane Usage, 625 ILCS 5.0/11-709-A; (5) two charges for Disobey Traffic Control Device, 625 ILCS 5.0/11-305-A; (6) three charges of Fail to Obey Stop Sign; (7) Fail to Give Right of Way, 625 ILCS 5.0/11-901.01.

---

[1] The counts in Plaintiff's First Amended Complaint are not sequentially numbered, therefore Defendants refer both to the count number and title describing that count.

Plaintiff filed her First Amended Complaint on August 12, 2008 alleging various state and federal law violations. *See* Plaintiff's First Amended Complaint (Attached hereto as Exhibit "Exh." A). Plaintiff fails to state a claim for violation of her due process rights and therefore the Defendants respectfully request this Court dismiss Count VII of Plaintiff's First Amended Complaint it its entirety.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the challenged pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *see also Corcoran v. Chicago Park District*, 875 F.3d 609, 611 (7th Cir. 1989). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all well-pleaded facts and reasonable inferences, a court is not obligated to accept a complaint that merely raises the possibility of relief. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In considering these facts, the court is entitled to consider exhibits attached to the complaint as part of the pleadings, and may take judicial notice of public records relevant to the claims. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988); *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996).

To survive a Rule 12(b)(6) motion, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007), *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65. Factual allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the speculative level. *Id*. at 1964.

**ARGUMENT**

Count VII of Plaintiff's First Amended Complaint is titled "Due Process Claim Newsome Claim" and asserts that the Defendant Officers "deprived Plaintiff of rights, privileges and immunities secured to her by the Due Process Clause as contained in the Fourth, Fifth and Fourteenth amendment to the United States Constitution." *See* Plaintiff's First Amended Complaint. Plaintiff is claiming a violation of procedural or substantive due process rights, she cannot prevail under either prong. Either way, the first step in analyzing a Section 1983 claim is to identify the specific constitutional right allegedly infringed. *See Albright v. Oliver*, 510 U.S. 266, 811-12 (1994) (*citing Baker v. McCollan*, 443 U.S. 137, 140 (1979)). Not only has Plaintiff failed to identify the precise constitutional right at issue, but under the facts alleged Plaintiff has not been deprived of a constitutionally protected interest under the Fourteenth Amendment. Therefore, "Count VII– Due Process Claim Newsome Claim" of Plaintiff's First Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**I.   The alleged deprivation of due process amounts to a claim for malicious prosecution, which does not state a cause of action under Section 1983.**

Plaintiff's complaint suggests she hinges her due process claim on a deprivation of her constitutional right to a fair trial by alleging the defendant officers used falsified evidence in criminal complaints against Plaintiff. To the extent that Plaintiff's due process claim is grounded in an investigation and prosecution based on allegedly false evidence, she fails to state a claim upon which relief can be granted. A claim for wrongful or malicious prosecution does not state a constitutional cognizable cause of action unless state law provides no remedy for malicious prosecution. *See Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2000) (substantive due process will not support claims for wrongful prosecution sounding in malicious prosecution); *Penn v Harris*, 296 F.3d 573, 576 (7th Cir. 2002) (Section 1983 malicious prosecution claim fails as a matter of law in a suit brought after criminal charges dismissed prior to trial). In the instant case, Plaintiff already alleges a state malicious prosecution claim in the following count. *See* Plaintiff's First Amended Complaint, "Count VII – Malicious Prosecution Claim".

The use of false or fabricated evidence at trial does not, standing alone, form the basis of a due process claim. *See Sorberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006) ("The Constitution does not require that the police testify truthfully")(emphasis omitted).  The "constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies." *Buie v. McAdorny*, 341 F.3d 623, 625-626 (7th Cir. 2003).

In *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003)(the use at trial of evidence that had been planted on a criminal defendant did not give rise to a due process claim that the defendant's trial was unfair), the Seventh Circuit refused to entertain the type of claim Plaintiff brings here.  Under the guise of a Fourteenth Amendment due process claim, the *McCann* plaintiff argued defendant purposely created false evidence to procure his conviction and imprisonment and failed to disclose exculpatory evidence.  *Id.*  Likewise, the instant Plaintiff alleges the defendant officers fabricated evidence.  The Seventh Circuit found the *McCann* plaintiff's due process claim based on creating false evidence failed because it was nothing more than a recast of his false arrest and malicious prosecution claims. *Id.*  Moreover, the appellate court determined a deprivation of liberty resulting from a prosecution (and conviction) deliberately obtained from the use of false evidence is, in essence, a claim for malicious prosecution which would not lie after *Newsome*.

> "McCann cannot do an end run around the foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *McCann*, 337 F.3d at 786.

As the Seventh Circuit made clear in *McCann*, Plaintiff's allegations here do not state a cognizable Fourteenth Amendment due process claim.  Plaintiff's due process claim is nothing more than a regurgitation of her malicious prosecution claim, alleged in "Count VII–Malicious Prosecution Claim".  Thus, Plaintiff's due process claim must be dismissed.

**II.     "Count VII-- Due Process Claim Newsome Claim" of Plaintiff's Complaint fails to properly allege a *Brady* claim.**

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 86. A *Brady* violation can be broken down into three basic elements: "(1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued - in other words 'materiality.'" *Carvajal v. Dominguez*, No. 07-2598, --- F.3d ----, 2008 WL 4095483, *3 (7th. Cir. Sept. 5, 2008) (internal quotations omitted) (Attached hereto as Exh. B). Evidence is considered "material" "'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.*, citing *Strickler v. Green*, 527 U.S. 263, 280 (1999).

In *Brady*, the Supreme Court emphasized the fundamental principle at stake was the "avoidance of an unfair trial to the accused." *Brady*, 373 U.S. at 86. In *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001), the Seventh Circuit recognized a Section 1983 cause of action under the Fourteenth Amendment due process clause when police deliberately withheld exculpatory evidence from prosecutors. For Section 1983 purposes, the *Brady* requirement to disclose exculpatory evidence is not implicated outside the context of trial and where the plaintiff was acquitted of the underlying criminal charges. Thus, Plaintiff's contention that she suffered due process violation as a result of the fabrication and use of falsified evidence will not stand under the Fourteenth Amendment.

The count at issue here re-alleges foregoing paragraphs of her complaint. Paragraphs 14-21 of Plaintiff's First Amended Complaint explains her version of the facts surrounding her arrest. Thus, Plaintiff alleges her due process rights were violated by the defendant officers' use of falsified evidence at the time of her *arrest*. Plaintiff does not allege that such falsified

5

evidence was used at trial. Since the *Brady* requirement to disclose exculpatory evidence is not implicated outside the context of trial, Plaintiff cannot maintain the due process claim alleged in "Count VII – Due Process Claim Newsome Claim".

Further, Plaintiff's trial resulted in her acquittal, therefore, Plaintiff cannot show she suffered prejudice in the *Brady* sense of materiality. As the Northern District of Illinois noted in *Gregory v. Oliver*, 226 F.Supp. 2d 943 (N.D. Ill. 2002), the purported failure to turn over potential exculpatory evidence does not violate a plaintiff's constitutional rights when the evidence was not material in *Brady* terms - that is there was no reasonable probability that the result of the proceedings would have been different if the evidence had not been disclosed. *Gregory*, 226 F.Supp 2d, 953. In *Gregory*, this Court found an acquittal, despite the allegedly withheld evidence, precluded any possibility of a more favorable outcome to the plaintiff. In the recently decided case, *Carvajal v. Dominguez*, the Seventh Circuit stated "we are doubtful . . . that an acquitted defendant can ever establish the requisite prejudice for a *Brady* violation." *Carvajal*, 2008 WL 4095483, at *7. The Seventh Circuit further rejected the "prospective" test, used in the Northern District of Illinois, stating that the test "does not seem to accurately capture what *Brady* protects and misunderstands the "materiality" requirement in a true *Brady* violation." *Id*. The Seventh Circuit quoted the Supreme Court as instructive on this point:

> [T]he term "*Brady* violation" is sometimes used to refer to any breach of the broad obligation to disclose exculpatory evidence - that is, to any suppression of so-called "*Brady* material" - although strictly speaking, there is never a real "*Brady* violation" unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.

*Id. (quoting Strickler*, 527 U.S. at 290). "Therefore, while a prosecutor has to make decisions about what is *Brady* material prospectively, so to speak, a true constitutional violation is measured with the outcome in mind." *Id*. With these principles and others more specific to the case, the Seventh Circuit found that the *Carvajal* plaintiff did not suffer from a *Brady* violation where he was ultimately acquitted in his underlying criminal case. *Id.* at *6.

In the instant case, Plaintiff was acquitted of all charges pending against her related to her

6

February 5, 2007 arrest. Thus, the alleged misconduct of the defendant officers does not state a Fourteenth Amendment due process violation. *See Carvajal* and *Gregory supra*; *see also Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) ("A defendant who is acquitted cannot be said to have been deprived of the right to a fair trial."); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) (affirmative dismissal of Section 1983 fair trial claim and stating "[b]ecause the underlying criminal proceeding terminated in appellant's favor, he has not been injured by the act of wrongful suppression of exculpatory evidence."); *Florez v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998) (no Section 1983 claim for Fourteenth Amendment due process violation when charges were nolle prossed because *Brady* protections not implicated absent conviction). In this case, had the defendant officers not allegedly falsified evidence, the verdict in Plaintiff's underlying criminal case would not have changed. Plaintiff cannot establish the requisite prejudice needed to maintain a *Brady* violation.

    Plaintiff has failed to state a constitutional interest protected by the Fourteenth Amendment, and therefore, has not stated a claim upon which relief can be granted in "Count VII– Due Process Claim Newsome Claim".

## CONCLUSION

For each of the reasons stated above, Defendant City of Chicago, and Defendant Police Officers Reyes and Wise respectfully request that this Honorable Court dismiss "Count VII – Due Process Claim Newsome Claim" of Plaintiff's First Amended Complaint with prejudice, and for any other relief deemed just and appropriate.

Respectfully submitted,

MARA S. GEORGES
CORPORATION COUNSEL

BY: /s/ Helen C. Gibbons

City of Chicago, Department of Law  HELEN C. GIBBONS
30 North LaSalle Street, Suite 1020  Assistant Corporation Counsel
Chicago, Illinois  60602  for City of Chicago
(312) 742-3541 Phone
(312) 744-3989 Fax


BY: /s/ Marc J.Boxerman

City of Chicago, Department of Law  MARC J. BOXERMAN
30 North LaSalle Street, Suite 1400  Senior Counsel
Chicago, Illinois  60602  Representing Defendant Officers
(312) 742-7684 Phone
(312) 744-6566 Fax


## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing Motion and Notice of Motion to be served upon all parties of record pursuant to ECF, in accordance with the rules of electronic filing of documents, on this 12th day of September, 2008.

/s/ Helen C. Gibbons
HELEN C. GIBBONS